# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHN SKINNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:07-CV-96 LMB |
| PEMISCOT COUNTY MISSOURI, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Skinner (registration no. 1069523), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of

20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0.02. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for unconstitutional conditions of confinement. Named as defendants are Pemiscot County, Missouri, Pemiscot County Sheriff's Department, Laurie Rudd ("Chief Jailer," Pemiscot County Jail), Unknown Pemiscot County Jail Supervisors, and Unknown Pemiscot County Jail Administrators. The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on August 28, 2001, he was arrested following a high speed chase. Plaintiff claims that after the arrest he was detained at Pemiscot County Jail ("PCJ") as a pretrial detainee. Plaintiff says that at all times relevant to the complaint he was 17 years old. Plaintiff alleges that during the time he was detained at PCJ he was subjected to unconstitutional conditions of confinement, to wit: that there was no ventilation system and the detainees were subjected to extreme heat; that PCJ was infested with vermin; that the mattresses were dirty; that no exercise was provided; that the walls and ceilings of the cell were stained by tobacco smoke so badly that "brown rain" fell onto plaintiff; that the meals were nutritionally inadequate; that there was no classification system in place, causing plaintiff to be housed with a violent person who threatened him; and that it was difficult to summon the guards in case of emergency. Plaintiff says that, as a result of the conditions of confinement, he spent 57 days in constant fear for his safety.

## Discussion

Plaintiff's allegations against Pemiscot County and Laurie Rudd survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time.

The complaint fails to state a claim against the Pemiscot County Sheriff's Department because it is not a suable entity under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). As a result, this defendant shall be dismissed from the complaint.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the complaint does not contain allegations sufficiently specific to permit the identity of Unknown Pemiscot County Jail Supervisors or Unknown County Jail Administrators to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As a result, the complaint is legally frivolous as to defendants Unknown Pemiscot County Jail Supervisors and Unknown County Jail Administrators. "If discovery identifies other persons who should be named as defendants, it will be simple enough for plaintiff to add them by amendment, after properly securing leave of court." Id.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Pemiscot County and Laurie Rudd.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Pemiscot County and Laurie Rudd shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Pemiscot County Sheriff's Department, Unknown Pemiscot County Jail Supervisors, or Unknown Pemiscot County Jail Administrators because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of November, 2007.

---

[1] Defendant Rudd is alleged to be the "Head Jailer" at Pemiscot County Jail.