# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

JOHN C. SKINNER, )
)
Plaintiff, )
)
v. ) No. 1:07CV96 LMB
)
PEMISCOT COUNTY, )
MISSOURI, et al., )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to vacate consent to a magistrate judge. The motion will be denied.

Plaintiff filed this action on July 5, 2007, and this case was assigned to the United States Magistrate Judge Lewis M. Blanton pending consent to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Defendants filed their voluntary consent on December 14, 2007; plaintiff filed his voluntary and signed consent on December 26, 2007. This case was fully litigated, and the Court entered summary judgment in favor of defendants on May 18, 2009. Plaintiff filed the instant motion on July 15, 2009. Prior to filing the motion, however, plaintiff filed an appeal with the United States Court of Appeals for the Eighth Circuit, which was ultimately dismissed for failure to prosecute on October 1, 2009.

Title 28 U.S.C. § 636(c)(4) states:

> The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

Further, courts have ruled that adverse rulings against a party are not "extraordinary circumstances" for purposes of § 636(c)(4). E.g., Jurado v. Klein Tools, Inc., 755 F. Supp. 368, 371 (D. Kan. 1991). Other factors the Court should consider when ruling on a motion to vacate consent are undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the motion is made in good faith or is dilatory and contrived, and whether the interests of justice would best be served by holding a party to his consent. See Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987).

In this case, it is apparent that plaintiff seeks to overturn the adverse judgment against him by moving to vacate his consent to a magistrate judge. Under these circumstances, the Court finds that the motion is untimely, that it has not been made in good faith, and that justice is best served by holding plaintiff to his consent. In other words, plaintiff has failed to show that extraordinary circumstances exist in this case that would warrant vacating the referral of this matter to a magistrate judge. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to vacate consent to a magistrate judge is **DENIED** with prejudice.

Dated this 12th day of January, 2010.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE